IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:24-CV-43-BO-RJ

| | |
|---|---|
| FAVORITE HEALTHCARE STAFFING LLC, | )<br>)<br>) |
| Plaintiff | )<br>) |
| v. | )<br>) |
| AFFINITY HEALTH PARTNERS LLC, CENTENNIAL HOUSING & COMMUNITY SERVICES CORP., BANK OF AMERICA CORPORATION, FRANK T. AVIGNONE, IV, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER**

This matter is before the clerk on the plaintiff's motion for entry of default [DE-14] seeking entry of default as to defendant Affinity Health Partners, LLC. The motion is DENIED for the following reasons.

First, plaintiff failed to serve the motion for entry of default on the allegedly defaulted defendant, as required by Local Civil Rule 55.1(a).

Second, plaintiff has not shown how service on a representative of Paracorp, Inc., suffices to effect service on defendant Affinity Health Partners, LLC. See Affidavit of Service [DE-12] (stating that Affinity Health Partners, LLC was served in care of Paracorp, Inc.). The record does not reflect any relationship between Paracorp, Inc., and defendant Affinity Health Partners, LLC.

Third, the record does not reflect that plaintiff requested the issuance of summons for defendant Affinity Health Partners, LLC. The record only reflects that summons were requested by plaintiff, and issued by the clerk, for defendant Bank of America Corporation. Accordingly, the clerk has not issued summons for any other defendant. To effect proper service under Federal

Rule of Civil Procedure 4, however, a plaintiff must service both a summons and a complaint on a defendant. See Fed R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."). Although the affidavit of service filed by plaintiff states that a representative of Paracorp, Inc., was served with a summons and complaint, this is not possible because no summons for defendant Affinity Health Partners LLC was issued by the undersigned's office. As a result, the clerk cannot find that plaintiff has effected service on this defendant.

Accordingly, for the foregoing reasons, the motion for entry of default is DENIED.

Additionally, as noted above, plaintiff has failed to request the issuance of summonses for any of the remaining defendants in this action, and therefore, despite the filing of affidavits of service, the record does not reflect that plaintiff has effected service on defendants Affinity Health Partners, LLC, Centennial Housing & Community Services Corp., or Frank T. Avignone, IV, within 90 days of the filing of the complaint. Rule 4(m) of the Federal Rules of Civil Procedure provides that the action must be dismissed as to these defendants unless plaintiff demonstrates good cause to the court why service was not made within the prescribed time period. Accordingly, plaintiff is directed to, within 14 days of the filing date of this order, show good cause for its failure to effect service on these defendants. At the end of this time period, the record will be forwarded to the presiding judge for a determination of whether plaintiff has demonstrated good cause.

SO ORDERED. This the 15 day of January, 2025.

Peter A. Moore, Jr.
Clerk of Court